UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH GROSS d/b/a GP SALES CORP.,<br><br>                         Plaintiff,<br><br>v.<br><br>BEST PLASTICS, LLC,<br><br>                         Defendant. | Civ. No. 10-1028 (DRD)<br><br>**O R D E R** |

This matter having come before the Court on a motion submitted by Plaintiff, Kenneth Gross, requesting (1) summary judgment pursuant to Federal Rule of Civil Procedure 56(a) on his claims against Defendant Best Plastics, LLC ("Best Plastics"); and Plaintiff's Motion having also requested that Defendant's affirmative defenses be stricken pursuant to Federal Rule of Civil Procedure 12(f) and that Defendant's counterclaims be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6); and Third-Party Defendant James Dion having submitted a separate motion requesting that the claims asserted against him by Defendant be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6); and Defendant having moved for a continuance under Federal Rule of Civil Procedure 56(d);

IT IS on this 17th of December, 2010, hereby ORDERED as follows:

(1) Plaintiff's Motion for Summary Judgment is GRANTED in part and DENIED in part. Judgment against Defendant in favor of Plaintiff is entered in the amount of $5,764,939.61. Plaintiffs may proceed with their claims based on any debt incurred by Defendant in excess of that sum, but in light of the material disputes of fact that

remain as to the exact amount of that debt, summary judgment on those claims is not appropriate at this stage of the proceedings;

(2) Plaintiff's Motion to Dismiss Defendant's counterclaims is GRANTED. Defendant's counterclaims are DISMISSED with prejudice to the extent that they rely on activity that occurred prior to September 17, 2009, and are DISMISSED without prejudice to the extent that they rely on activity that occurred after that date. Defendant may amend and resubmit its counterclaims within 30 days of this ruling, but in doing so must limit its allegations to activity that took place after September 17, 2009;

(3) Third-Party Defendant Dion's Motion to Dismiss the claims asserted against him by Defendant is GRANTED, and Defendant's third-party claims against Mr. Dion are DISMISSED without prejudice. Defendant may submit an Amended Third-Party Complaint curing, if it is able to do so, the deficiencies in those claims within 30 days of the date of this ruling;

(4) Defendant's Motion for a Continuance is DENIED.

 s/ Dickinson R. Debevoise_____
DICKINSON R. DEBEVOISE, U.S.S.D.J.